**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2181-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VAMBAH SHERIFF, a/k/a
SEKOU M. SHERIFF,

     Defendant-Appellant.

_____

Submitted September 14, 2022 – Decided September 26, 2022

Before Judges Accurso and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-06-0693.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Tiffany M. Russo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Vambah Sheriff appeals from the November 9, 2020 order dismissing his petition for post-conviction relief (PCR) as time-barred. He claims the court erred in applying the bar, and the matter has to be remanded for an evidentiary hearing because he established a prima facie case of counsel's ineffectiveness for failing to interview a witness, to secure a document that would have exonerated him and to present other exculpatory evidence wrongfully withheld by the State. Because, as Judge Hanna explained in his meticulously detailed opinion, the petition is unquestionably time-barred and no fundamental injustice results from enforcing the bar, we affirm.

A jury convicted defendant of second-degree eluding, N.J.S.A. 2C:29-2b, based on the testimony of a Florham Park police officer that defendant sped off as the officer got out of his patrol car after pulling defendant over on Route 24 for driving with a suspended license. The judge granted the State's motion for an extended term and sentenced defendant to fourteen years in State prison subject to the periods of parole ineligibility and supervision required by the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on direct appeal, State v. Sheriff, No. A-5636-12 (App. Div. Dec. 16, 2014), the Supreme Court denied his petition for certification, State v. Sheriff,

222 N.J. 18 (2015), and the United States Supreme Court denied his petition for certiorari, Sheriff v. New Jersey, 580 U.S. 856 (2016).

On July 8, 2019, six years after his July 12, 2013 judgment of conviction, defendant filed a petition for PCR, claiming it was untimely because he lost notes and critical material necessary to prepare his petition due to his several moves throughout the prison system. He alleged the State withheld potentially exculpatory information, including his statement and report to the police that his license plates were stolen, evidence he contended established the car police chased was not his, and would provide support for his claim that his car was inoperable, and he was not driving it on the day of his arrest.

Defendant claimed both his trial and appellate counsel were ineffective; his trial counsel for failing to contact the person who sold him the car to obtain a statement it wasn't operable, not pursuing a second polygraph examination that would have resulted in "a favorable plea bargain of 364 days as a condition of probation," not pursuing plea negotiations, not protecting his right against double jeopardy by permitting him to be sentenced to an extended term nor his First Amendment right to free association by the court's consideration of a comment at sentencing regarding defendant's alleged membership in a

A-2181-20

racist organization; and his appellate counsel by not pursuing those arguments on appeal.

Judge Hanna rejected those claims following oral argument in a twenty-eight-page written opinion, concluding defendant's petition was time-barred without excusable neglect pursuant to Rule 3:22-12(a)(1). The judge noted neither defendant nor his counsel identified the papers defendant claimed not to have possessed, explained why they were critical or any efforts he made to get them back. The judge also noted we rejected the same argument — that prison moves deprived defendant of unidentified papers he needed for his petition — in another case in which defendant attempted unsuccessfully to establish excusable neglect for his late filing of a PCR petition. See State v. Sheriff, No. A-2067-18 (App. Div. Jan. 21, 2020) (slip op. at 5-6).

Notwithstanding his conclusion that defendant's petition was time-barred, the judge analyzed each issue defendant raised to determine whether enforcement of the time-bar would work a fundamental injustice. Judge Hanna found defendant had failed to establish any deficiencies in the performance of his trial or appellate counsel and could not show he was prejudiced in any fashion by their representation.

4

Specifically, the judge noted counsel had negotiated a plea whereby defendant would have served only a three-year prison term concurrent to the four-year term he was already serving, which defendant turned down on the record. Defendant never named the person who sold him the car or provided any information supporting his claim the car he was arrested either in or near was inoperable. The judge also found no merit in defendant's claim the State withheld evidence, finding defendant was provided with documents referencing a call from him to police about stolen plates, and that nothing further existed because defendant never followed up by filing a report of the alleged theft, despite encouragement from the police to do so.

Judge Hanna rejected defendant's claim his sentence was illegal or violative of his constitutional rights, noting we'd affirmed it on defendant's direct appeal, State v. Sheriff, No. A-5636-12 (slip op. at 6-8), and there was no reference in the sentencing transcript to the judge having considered defendant's alleged ties to a racist organization or any other evidence to support that claim. The judge found defendant had not identified any specific argument appellate counsel failed to make, or any issue he could have raised that would have resulted in the reversal of defendant's conviction. See State v. Arthur, 184 N.J. 307, 319 (2005) (noting defendant's burden to establish a

reasonable probability that but for counsel's deficient performance, the outcome would have been different).  The judge also found defendant's claims were "too vague, conclusory, and speculative" to warrant an evidentiary hearing.  See State v. Marshall, 148 N.J. 89, 158 (1997).

Defendant appeals, reprising his arguments about the ineffectiveness of trial and appellate counsel in the following four points:

> POINT ONE
>
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF TRIAL COUNSEL'S FAILURE TO CONDUCT AN ADEQUATE PRE-TRIAL INVESTIGATION.
>
> POINT TWO
>
> DEFENDANT WAS DENIED A FAIR TRIAL BECAUSE OF THE STATE'S SUPPRESSION OF EXCULPATORY EVIDENCE.
>
> POINT THREE
>
> THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING.
>
> POINT FOUR
>
> THE PCR COURT ERRED IN FINDING THAT DEFENDANT'S PCR WAS PROCEDURALLY BARRED UNDER R. 3:22-12.

A-2181-20

Our review of the record convinces us Judge Hanna conscientiously considered all of defendant's claims and appropriately denied him relief. We agree defendant failed to demonstrate excusable neglect for his late filing or that enforcing the time bar would be unjust as defendant failed to establish the performance of his trial counsel or his appellate counsel was substandard or that, but for any of the alleged errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). We have nothing to add to the judge's thorough analysis.

Accordingly, we affirm, substantially for the reasons expressed in Judge Hanna's opinion of November 9, 2020.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2181-20